UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BORANERJIR LIRIANO,

                           Plaintiff,

      -against-

THE CITY OF NEW YORK, JOHN and JANE      **VERIFIED COMPLAINT**
DOES, said names being fictitious and intended to represent
individual officers of the New York City Police Department,     **Jury Trial Demanded**

                     Defendants.
-------------------------------------------------------------------X

Plaintiff BORANERJIR LIRIANO, by and through his counsel, THE COHCRAN

FIRM, as and for his Verified Complaint against Defendants, respectfully set forth and allege

that:

### NATURE OF THE CLAIMS

1.     This is a civil action for compensatory, injunctive, punitive, and exemplary

damages for the false arrest, unlawful search and seizure, excessive force, assault, battery, civil

rights violations, malicious prosecution, negligence, recklessness and carelessness of the

Defendants.

2.     This action is to redress the deprivation under the color of statute, ordinance,

regulation, custom or usage of a right, privilege and immunity secured to the Plaintiff by the

United States Constitution, particularly 4th, 5th and 14th Amendments,  42 U.S.C. Sections 1983,

1985, 1986, and 1988, <u>Monell</u>, and the laws and statutes of New York State.

3.     This case arises out of an incident occurring on or about March 21, 2017.

4.     Defendants' conduct was knowing, malicious, wanton and in reckless disregard

of the Plaintiff's rights.  It has caused and continues to cause the Plaintiff to suffer substantial

economic and non-economic harm, severe mental anguish and emotional distress.

**JURISDICTION & VENUE**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (1-4) and 2202 as this case involves a federal question based on the Plaintiff's protected rights under the United States Constitution, particularly the 4th, 5th and 14th Amendments, 42 U.S.C. §§ 1983 et seq, and Monell.  Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. § 1367.  The matter in controversy exclusive of interest and costs exceeds $100,000 (one hundred thousand dollars).

6.      Venue is proper in this district under 28 U.S.C. § 1391 (b), as  this case arises out of an incident that occurred in Bronx County.

**PARTIES**

7.      Plaintiff BORANERJIR LIRIANO is and was at the time of the occurrence a New York State resident residing in Bronx County.

8.      Defendant CITY OF NEW YORK (hereinafter "City Defendant") is a municipal corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 100 Church Street, New York, New York 10007.  As part of its function, the City Defendant supervises, owns, manages and operates the municipal agency, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD").  At all relevant times, the City Defendant was responsible for hiring, training, monitoring and supervising the NYPD and its employees.

9.      At all relevant times, Defendants "JOHN DOES" were individual police officers, staff, personnel and/or employees of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

10. At all relevant times, Defendants "JANE DOES" were individual police officers, staff, personnel and/or employees of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL REQUIREMENTS

11. Within the requisite time period, the Plaintiff served a Notice of Claim against the City of New York and the NYPD on May 19, 2017.

12. The oral examination of the Plaintiff was held on August 25, 2017 in compliance with Section 50-H of the General Municipal Law.

13. All conditions and requirements precedent to the commencement of this action have been complied with.

## FACTUAL ALLEGATIONS

14. On or about March 20, 2017 members of the NYPD were at Plaintiff's residence when he was not present and advised his daughter that they had a summons for the Plaintiff and needed to take the Plaintiff to pay his summons at the courthouse.

15. On March 21, 2017, the officers returned to Plaintiff's residence where Plaintiff met with the NYPD at approximately 8:00 a.m. believing he was being taken to address a summons in Court, but he was instead taken to the 167th PCT and while there he was questioned handcuffed, arrested, fingerprinted and booked having been accused of stabbing, sexually assaulting and kidnapping a woman.

16. The members of the NYPD negligently investigated and improperly obtained unreliable, untruthful and unverified information. Specifically, the "John Does" and "Jane Does" conspired and abused process by either lying to get the Plaintiff to accompany them for

questioning under false assumption that he was being taken to pay a summons and further denied Plaintiff the right to be represented while he was being questioned.

17. "John Does" and "Jane Does" used unreliable and incomplete information regarding the make and model of a car as a rationale to arrest and charge Plaintiff with the kidnapping, stabbing and sexual assault of a woman. Defendant "John and Jane Does" questioned Plaintiff about a car that was a similar make and model to the one owned by Plaintiff, but there was no evidence that the license plate or registration was the same. Defendant "John and Jane Does" showed Plaintiff photographs of a car of that same make and model, but with the license plate obscured in an attempt to coerce the Plaintiff to admit that the car was his and that he had committed crimes that he did not commit.

18. Defendant "John Does" and "Jane Does" then ordered Plaintiff to participate in an illegally suggestive, tainted and flawed line-up identification procedure. Plaintiff was ordered to stand in a lineup where hats were put on everyone else in the line-up except him. After the line-up, Plaintiff was told by Defendant "John Does" and "Jane Does" that he had been identified as the assailant and he was badgered and pressured to just "admit it," as Defendant "John Does" and "Jane Does" attempted to secure a coerced false confession.

19. Plaintiff was then detained for several more hours as he was formally booked, arrested, and arraigned on the heinous charges of Criminal Sexual Act in the 1st degree and Sexual Abuse in the 1st degree.

20. Plaintiff pled not guilty to the charges and was held on $150,000 bail.

21. Plaintiff missed numerous days of work as a school bus driver as a result of his illegal detention and arrest. In addition, the New York State Department of Motor Vehicles

notified Plaintiff's employer of his arrest and that the charges disqualified him from driving a school bus. As a result, Plaintiff was suspended without pay from work.

22.     Plaintiff was caused to expend approximately $10,000 to hire a criminal attorney to defend the charges.

23.     Defendants' conduct in falsely arresting, charging and prosecuting Plaintiff on such egregious charges tarnished Plaintiff's reputation in his community and with his employer.

24.     Plaintiff was suspended from his job as a school bus driver with the State of New York.

25.     Several weeks after his false arrest, after surveillance cameras proved that Plaintiff was not the assailant, all charges were dismissed against him.

## ADDITIONAL FACTS

26.     Defendant City of New York's NYPD has a policy, practice and/or procedure of inadequately training, supervising and monitoring their agents, servants, police officers, sergeants, detectives, lieutenants, captains and/or employees regarding the proper basis for obtaining warrants, executing warrants, arrests, arrest procedures, justification for arrests, and/or handling arrested individuals with the proper care and safety to protect them from unnecessary harm. This policy was in reckless disregard to the rights of citizens, like the Plaintiff, who was not involved in any criminal wrongdoing.

27.     Defendants breached their duty to ensure that the actions, activities, and behavior of its said servants, agents, sergeants, detectives, lieutenants, captains and/or employees conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk and harm, and that they do not conduct themselves in a manner

that would intentionally, wantonly, and/or negligently cause injuries to others, including the Plaintiff herein.

28.      Defendants had a duty to sufficiently screen for hiring, train and supervise, at the command, precinct and patrol levels, its servants, agents, police officers, detectives, employees, and/or personnel so as to ensure the safety, protection, security and well-being of persons who were in the presence, proximity, custody and/or control of the NYPD, officers, detectives, sergeants, lieutenants and/or personnel.

29.      As a result of Defendants failure to properly hire, train, and supervise their employees, they were able to act in reckless disregard of the rights of the Plaintiff by abusing their role as police officers by wrongfully arresting, using excessive force, assaulting, battering, illegally questioning and acting in a reckless and careless manner with regards to the Plaintiff's rights.

30.      Furthermore, Defendants "JOHN DOES" and "JANE DOES" had a duty to ensure that their actions, activities and behavior conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, as well as to conduct themselves in a manner that would not intentionally, wantonly, and/or negligently cause injuries to others, including the Plaintiff herein.

**FIRST CAUSE OF ACTION**
**(False Arrest under 42 U.S.C. §1983)**

31.      Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

32.      The Defendants violated Plaintiff's constitutional rights under the 4th Amendment in violation of 42 U.S.C. § 1983 by falsely arresting him without any probable cause to believe he had committed any crime. More specifically, the Plaintiff was detained and

arrested based on illegally suggestive, tainted and flawed identification procedures that the Defendants knew were unlawful. As a result, Defendants violated Plaintiff's 4th Amendment right under the U.S. Constitution and 42 U.S.C. § § 1983, et seq.

33.    As a result of Defendants' actions, Plaintiff was injured, suffered mental anguish and significant psychological injuries.

34.    The resulting injuries sustained by the Plaintiff were caused solely by the Defendants, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff contributing thereto.

## SECOND CAUSE OF ACTION
### (Unreasonable/ Illegal Search under 42 U.S.C. § 1983 and New York State Law)

35.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

36.    Defendants either falsely created evidence, or negligently failed to verify that the information they relied on to detain Plaintiff was accurate, nor did they inform the judge or the prosecutor that the information they provided was either false or not properly verified.

37.    As a result of the foregoing, Plaintiff's rights secured under the United States Constitution particularly the 4th, 5th and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, Monell, and the Laws of the State of New York were violated by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers.

38.    As a result of the foregoing, the Plaintiff suffered mental anguish and significant psychological injuries.

39.    The resulting injuries sustained by the Plaintiff were caused solely by the Defendants, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff contributing thereto.

## THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 and N.Y. State Law)

40.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

41.    Plaintiff was unlawfully placed in the custody of the NYPD and was forcibly handcuffed, wrongfully detained, confined and arrested without just cause or provocation.

42.    As a result of the foregoing, the Plaintiff's rights secured under the United States Constitution, particularly the 4th, 5th and 14th Amendments, and the Laws of the State of New York were violated by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers.

43.    As a result of the foregoing, the Plaintiff suffered mental anguish and significant psychological injuries.

44.    The resulting injuries sustained by the Plaintiff were caused solely by the Defendants, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff contributing thereto.

## FOURTH CAUSE OF ACTION
### (Malicious Prosecution as to Plaintiff under 42 U.S.C. § 1983 and New York State Law)

45.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

46.     The Defendants, their servants, agents, sergeants, detectives, lieutenants, captains and/or employees intentionally, wantonly, maliciously and falsely prosecuted the Plaintiff for criminal charges of which he was wholly innocent in order to cover-up the wrongfulness of their conduct.

47.     The charges brought against Plaintiff by the Defendants were solely for the purpose of shielding and/or purportedly justifying the unconscionable arrest and unlawful treatment and abuse perpetuated upon the Plaintiff by the Defendants, all of which are in violation of Plaintiff's rights under the U.S. Constitution, 42 U.S.C. § 1983, et seq and New York law.

48.     Through their actions the Defendants intentionally, wantonly and malicious prosecuted and/or caused, compelled, ordered, directed and/or permitted the malicious prosecution of the Plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court and falsely prosecuted the Plaintiff.

49.     The charges brought against the Plaintiff were dismissed on the merits by the Criminal Court of the City of New York on or about April 20, 2017.

### FIFTH CAUSE OF ACTION
### (Monell)

50.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

51.     At all relevant times, Defendant CITY OF NEW YORK maintained a custom, practice and/or policy of allowing its officers and/or employees to bring false charges against victims of illegal conduct to cover their unconstitutional acts. City Defendant also maintained a custom, practice and/or policy of allowing its officers and/or employees of unjustly using physical force against members of the public.  City Defendant also maintained a custom,

practice and/or policy of allowing its officers and/or employees to prosecute malicious and false charges against individuals without just and probably cause.

52.    Their policies, customs and/or practices allowed the individually-named Police Officer Defendants and "John and Jane Does" to act in deliberate indifference to the rights of people like the Plaintiff under the U.S. Constitution in order to try and justify illegal conduct.

53.    As a result of the foregoing, policies, customs and/or practices, Plaintiff has suffered and continues to suffer physical, psychological and economic harm.

## SIXTH CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision as to Defendant City of New York under New York State Law)**

54.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

55.    At all relevant times, Defendant City of New York had a duty to screen applicants for hire, retention or discharge with the NYPD those employees who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

56.    At all relevant times, it was the duty of Defendant City of New York to sufficiently hire, train, retain personnel within the NYPD's Police Academy and at the Command, Precinct and Patrol levels so as to sufficiently discipline, supervise, promulgate, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, police officers, employees and/or personnel.

57.     Upon information and belief, Defendant John and Jane Does were improperly trained, supervised and retained in violation of the standards set out by the NYPD Patrol Guide.

58.     As a result of the Defendants' breach of duty, the Plaintiff was caused to suffer injuries and damages without fault or contribution by the Plaintiff.

### SEVENTH CAUSE OF ACTION
### (State Law Negligence)

59.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

60.     The Defendant CITY OF NEW YORK negligently failed to prevent the within incidents of physical force and emotional distress by the John and Jane Doe Defendant Police Officers who were involved, and all of whom were acting within the course and scope of their employment for the said Defendants.

61.     As a result of the foregoing, the plaintiff was injured and suffered damages.

62.     This action falls within one or more of the exceptions set forth in CPLR 1602.

63.     Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

64.     Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

65.     Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss,

irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

66.     Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A.      An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for his monetary and/or economic damages;

B.      An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all his non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

C.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

D.     An award of punitive damages against the John and Jane Doe Defendants in both their official and individual capacities; and

E.     Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demand a trial by jury on all issues of fact and damages.

Dated: New York, New York
        February 28, 2018

<div style="margin-left:auto;">

Respectfully Submitted,

Tracey L. Brown (TB-4094)
THE COCHRAN FIRM
Attorneys for Plaintiff
55 Broadway, 23rd Floor
New York, New York 10006
(212) 553-9215

</div>

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                       ).SS:
COUNTY OF NEW YORK )

      I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

      I am an attorney associated with the law firm of THE COCHRAN FIRM, attorneys for the plaintiff. I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

      The reason I make this verification instead of plaintiff, is that the plaintiff reside out of the County of New York, wherein I maintain my offices.

      I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       March 1, 2018

                                TRACEY L. BROWN